IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EILEEN SHAVELSON, | ) | CIVIL 15-00055 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAI`I CIVIL RIGHTS | ) | |
| COMMISSION, CONSTANCE | ) | |
| DEMARTINO, WILLIAM D. HOSHIJO | ) | |
| AND MARCUS KAWATACHI, in | ) | |
| their individual capacities | ) | |
| as Hawai`i Civil Rights | ) | |
| Commission Enforcement Staff, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO
## <u>DISMISS OR ALTERNATIVELY, FOR SUMMARY JUDGMENT</u>

Before the Court is Defendants Hawai`i Civil Rights Commission ("HCRC"), Constance DeMartino ("DeMartino"), William D. Hoshijo ("Hoshijo"), and Marcus Kawatachi's ("Kawatachi," collectively "Defendants") Motion to Dismiss or Alternatively, for Summary Judgment ("Motion"), filed on April 24, 2015.[1]  [Dkt. no. 30.] Pro se Plaintiff Eileen Shavelson ("Plaintiff") filed documents on May 1, 2015, May 14, 2015, and June 8, 2015, [dkt. nos. 35, 39, 45,] which this Court construed as memoranda in opposition [dkt. nos. 38, 49].  Defendants filed their reply on July 6, 2015.  [Dkt. no.

---

[1] Also on April 24, 2014, Defendants filed an errata attaching the Declaration of Livia Wang ("Wang Decl.").  [Dkt. no. 31.]

47.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

### BACKGROUND

On February 27, 2015, Plaintiff filed her Verified Complaint/Claim ("Complaint"), pursuant to 42 U.S.C. § 1983, against HCRC, its investigators, supervisors, director and co-director, in their individual and professional capacities, and DeMartino, Hoshijo, and Kawatachi. [Dkt. 1.] In it, Plaintiff alleges, in essence, that HCRC violated her Constitutional rights during its investigation and in making a no cause determination, related to an HCRC charge against her landlord, Jeffrey Hiranaka, for discriminatory and retaliatory eviction.[2] Specifically, she

---

[2] The HCRC charge ("Charge") was also against the property management company, Kitaami, and the co-owners of the subject property, Harvey T. Hiranaka and Milton A. Hiranaka. [Wang Decl. Exh. 2 (Charge).] The Charge focused on Jeffrey Hiranaka and the Court therefore refers to him as "Mr. Hiranaka." Further, in this Order, the Court considers some of the exhibits attached to the Wang Declaration since they form the basis for the Complaint and some are subject to judicial notice. See, e.g., Davis v. KHNL/KGMB, LLC, Civil No. CIV. 14-00483 SOM/BMK, 2015 WL 3448737, at *1 (D. Hawai`i May 28, 2015) ("[C]ourts may 'consider certain materials — documents attached to the complaint, documents
(continued...)

alleges that:

- DeMartino, an HCRC investigator,[3] refused to consider multiple pieces of evidence, including an anonymous statement on behalf of Plaintiff, a letter relating second-hand evidence of Mr. Hiranka's discrimination, a confession of guilt by her neighbor – with whom Plaintiff had a dispute – to the Kauai Police Department, and statement that Mr. Hiranaka threatened potential witnesses with eviction;

- Kawatachi, an HCRC supervisor, and Hoshijo, the HCRC director, refused to review Plaintiff's file upon its completion by DeMartino, even though the field supervisor for the Department of Housing and Urban Development ("HUD") regional office, Jelani Maderaka, admitted HCRC had made several procedural errors;

- HCRC denied Plaintiff access to the full investigative file for fifteen months; and

- the faulty investigation "impeded the quality of [her] life, and health, and a truthful inquiry into her dangerous situation."

[Id. at 1-3.] Plaintiff requests the following relief: damages incurred as a result of the revocation of her Section 8 housing subsidy, which she claims to have lost due to her eviction; $325,000, which Plaintiff represents is the "average amount awarded a Plaintiff in a housing discrimination case[;]" [id. at 3;] punitive damages; "[a] retraction of the false report with

---

[2](...continued)
incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment.'" (quoting United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003))).

[3] Plaintiff refers to DeMartino throughout the Complaint as "DeMartinez," "Martinez" and other variations.

the added information and recanting of testimony proving Plaintiffs [sic] innocence[;]" [id. at 4;] and all other just relief. [Id. at 3-4.]

Defendants move to dismiss the Complaint in its entirety with prejudice. [Reply at 6.]

## **DISCUSSION**

Defendants argue that this lawsuit is procedurally improper, since there is no statute that supports a lawsuit against HCRC and its employees for a faulty administrative investigation and a finding of no cause. [Mem. in Supp. of Motion at 7-9.] Even if there was a ground for such a lawsuit, Plaintiff could seek, and is already seeking, redress in state court; thus she fails to state a cognizable claim for a § 1983 violation. [Id. at 9-12.]

At the outset, the Court notes that it must (and does) interpret the Complaint liberally since Plaintiff is not represented by counsel. This Court must "construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citation and internal quotation marks omitted). However, normal court rules and procedures still apply to Plaintiff. See Solis v. McKessen, 465 F. App'x 709, 710 (9th

Cir. 2012) ("'Pro se litigants must follow the same rules of procedure that govern other litigants.'" (quoting King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)))).

I. **Grounds to Challenge HCRC's Investigation**

Plaintiff seeks to challenge HCRC's investigation of her claims of discrimination and retaliation. In her section titled, "Obstruction of Justice," Plaintiff alleges that:

> These events occurred from the beginning of the HCRC intake Feb, 2013 after being referred from the HUD regional office where the Plaintiffs claim was first filed, to the HCRC final report May/June 2013, and beyond when Plaintiff asked HCRC to consider recanted testimony August 2013.
>
> The HCRC is wholly responsible for denying the Plaintiffs plea for proper presentation of the facts . . . .

[Complaint at 1.]

A. **FHA and Haw. Rev. Stat. Chapter 368**

The federal statute prohibiting discrimination in housing, pursuant to the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619, 3631, and the Hawai`i anti-discrimination statute, Haw. Rev. Stat. Chapter 368, which covers housing discrimination, have similar complaint and review structures. They both provide for an investigatory period, after which either the Secretary of HUD or the Executive Director of HCRC, respectively, must issue a reasonable cause determination. 42 U.S.C. § 3610(g)(1), (3) (Secretary must make reasonable cause

5

determination within 100 days of filing); Haw. Rev. Stat. § 368-13(b), (c) (Executive Director must issue right to sue letter within 180 days). They also both provide, in the event of a no cause determination, that the complainant may bring a case in court. 42 U.S.C. § 3613(a)(1)(A); Haw. Rev. Stat. § 368-12. Finally, in both schemes, a complainant may bring a lawsuit even if she does not first file an administrative charge. 42 U.S.C. § 3613(a)(1)(A); Haw. Rev. Stat. § 515-9.

However, neither the state nor federal administrative scheme permit a challenge such as Plaintiff's: a private claim against HCRC (or HUD) for a faulty investigation. Federal district courts in this circuit have recognized that the FHA does not provide for a review of HUD investigations and no cause determinations. See, e.g., Enwere v. HUD Fair Hous., No. C 11-0716 PJH, 2011 WL 1842714, at *1 (N.D. Cal. May 16, 2011) ("plaintiff's claims, to the extent they do seek judicial review of any investigation undertaken in relation to a complaint plaintiff may have filed with HUD, are improper under the FHA" (citation omitted)); Phifer v. Sec'y U.S. Dep't of Hous. & Urban Dev., No. CIV S-08-0299 LKK DAD PS, 2009 WL 8706810, at *4 (E.D. Cal. Feb. 2, 2009) (explaining that "§ 3613 does not provide a private right of action for judicial review of a determination by HUD to dismiss an administrative complaint, and plaintiff has not cited any provision of the FHA that provides such a right of

action"), *report and recommendation adopted*, 2009 WL 8706811 (E.D. Cal. Mar. 19, 2009).

This is consistent with review of investigations into employment discrimination by the Equal Employment Opportunity Commission ("EEOC"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-1, *et seq.*, to which courts analogize. See, e.g., Ordelli v. Farrell, 586 F. App'x 355, 355 (9th Cir. 2014) (recognizing that courts "apply[] Title VII discrimination analysis to FHA claims" (citing Gamble v. City of Escondido, 104 F.3d 300, 304 (9th Cir. 1997))). The Ninth Circuit has held that, "there is no private cause of action against the EEOC for their handling of an individual's claims." Jackson v. Potter, 115 F. App'x 351, 352 (9th Cir. 2004) (citing Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983)). Thus, like Title VII, the FHA does not support a claim by an individual against HUD as a defendant.

Although Defendants have not provided any state cases addressing HCRC investigations, and this Court is not aware of any, Hawai`i courts would likely look to federal courts analyzing EEOC and HUD investigations for guidance.

> When interpreting state law, a federal court is bound by the decisions of a state's highest court. In the absence of a governing state decision, a federal court attempts to predict how the highest state court would decide the issue, using intermediate appellate court decisions,

> decisions from other jurisdictions, statutes, treatises, and restatements as guidance.

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No. 12-00064 LEK-KSC, 2015 WL 419654, at *11 (D. Hawai`i Jan. 30, 2015) (some citations omitted) (citing Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011)).

In the civil rights context, the Hawai`i Supreme Court has explained that the, "federal courts have considerable experience in analyzing these cases, and we look to their decisions for guidance." Furukawa v. Honolulu Zoological Soc'y, 85 Hawai`i 7, 13, 936 P.2d 643, 649 (1997). Since Chapter 368 does not expressly provide for a cause of action against HCRC, there are no state court decisions recognizing an implied cause of action, and federal courts addressing the issue in the analogous HUD and EEOC contexts have concluded there is no private right of action, this Court CONCLUDES that Chapter 368 does not support a challenge to an HCRC investigation and no cause determination.

### B. APA and HAPA

Similarly, Plaintiff may not bring her complaint under the federal Administrative Procedures Act ("APA") or the Hawai`i Administrative Procedures Act ("HAPA"). The APA provides, in pertinent part: "Agency action made reviewable by statute and final agency action **for which there is no other adequate remedy**

8

**in a court** are subject to judicial review." 5 U.S.C. § 704 (emphasis added). HAPA similarly provides: "Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision **would deprive appellant of adequate relief** is entitled to judicial review thereof under this chapter[.]" Haw. Rev. Stat. § 91-14(a) (emphasis added).

Since both the FHA and Chapter 386 provide for court review, the agency decision is not final and there is an adequate alternative remedy. See, e.g., Ward, 719 F.2d at 314 (holding that "the statutory requirement that there be 'no other adequate remedy in a court' [was] not met [because the complainant] could and did remedy the EEOC's failure to prosecute his discrimination charge diligently by directly suing his employer in federal district court"); Vickerman v. Dep't of Hous. & Urban Dev., No. 03:03-CV-00222-LRH-VPC, 2010 WL 2291897, at *1 (D. Nev. June 1, 2010) (explaining that, "[a]lthough it appears that the Ninth Circuit has not addressed the issue, other courts considering whether a plaintiff may sue HUD under the APA have held that [42 U.S.C. § 3613] provides an 'other adequate remedy in a court' barring judicial review under the APA," and collecting cases), *aff'd,* 466 F. App'x 568 (9th Cir. 2012). Due to the similarity between the Hawai`i and federal statutes, and following the

9

analysis above, *supra* Section I.A., this Court CONCLUDES that HAPA does not provide a ground to bring the present lawsuit.

Since neither Chapter 368 nor HAPA provide for a challenge to an HCRC investigation and no cause determination, this Court does not have jurisdiction to consider the Complaint. The Court thus GRANTS the Motion and DISMISSES the Complaint.

## II. Plaintiff's § 1983 Claim

Although the Court has already dismissed the Complaint, it discusses Plaintiff's § 1983 claim for completeness and because it impacts whether the dismissal is with or without prejudice, that is, whether the Court will allow Plaintiff to amend her Complaint.

As an initial matter, the law does not permit a plaintiff to bring a § 1983 claim against a state agency or a state agent acting in his or her official capacity because they are immune from suit. This type of claim can only be brought against individuals and they cannot be sued in their official capacity. Therefore, the claims against HCRC and the individual defendants – to the extent they were brought in their official capacity – necessarily fail. See, e.g., Ramsey v. Hawaii Paroling Auth., 561 F. App'x 636, 637 (9th Cir. 2014) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), and Hafer v. Melo, 502 U.S. 21, 27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), and upholding

dismissal of the plaintiff's § 1983 "claims against the State and the HPA, as well as [the plaintiff's] damages claims against the Individual Defendants sued in their official capacities").

Regarding Plaintiff's claims against DeMartino, Hoshijo, and Kawatachi in their individual capacities, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Esparza v. Cnty. of Los Angeles, 527 F. App'x 638, 639 (9th Cir. 2013) (citation and internal quotation marks omitted). Plaintiff alleges that her Fourteenth Amendment rights were violated.[4] "The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of 'life, liberty, or property.'" Marsh v. Cnty. of San Diego, 680 F.3d

---

[4] Plaintiff also claims that Defendants violated her Sixth Amendment rights. However, by its terms, the Sixth Amendment only applies to criminal prosecutions. U.S. Const. amend. VI ("**In all criminal prosecutions**, the **accused** shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" (emphases added)); see also, e.g., United States v. Hall, 419 F.3d 980, 985 (9th Cir. 2005) ("the Sixth Amendment applies only to 'criminal prosecutions'" (citing Crawford v. Washington, 541 U.S. 36, 38 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004))). Moreover, even under state law, Plaintiff had no right to the reports because state law provides that "they shall not be disclosed to anyone" without court order or after a right-to-sue notice has issued, which is when Defendants represent they provided the complete file to Plaintiff. Haw. Rev. Stat. § 368-4(a).

11

1148, 1155 (9th Cir. 2012).

"To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." <u>Guatay Christian Fellowship v. Cnty. of San Diego</u>, 670 F.3d 957, 983 (9th Cir. 2011) (alteration in <u>Guatay</u>) (citation and internal quotation marks omitted). Even if Plaintiff could prove that HCRC deprived her of an interest, without process, Plaintiff cannot prove that her interest was a valid constitutional interest. The sole interest conceivably alleged in the Complaint is Plaintiff's interest in a reasonable cause determination. However, since that determination is non-binding and non-final, and can be appealed in state court, <u>see</u> *supra* Section I.B., it is legally insufficient to form a property interest cognizable under § 1983. <u>Cf.</u> <u>Danielson v. I.R.S.</u>, 985 F.2d 571 (9th Cir. 1993) ("because EEOC's determination is non-binding and non-final, there is no implication of the Due Process Clause even if the procedures the EEOC employed were otherwise deficient" (citing <u>Francis-Sobel v. University of Maine</u>, 597 F.2d 15, 17-18 (1st Cir.), *cert. denied*, 444 U.S. 949 (1979))).

This means that, even if there were statutory grounds for a challenge to the investigation and no cause determination, see *supra* Section I, Plaintiff's Complaint would fail to state a claim as to any Defendant. Related, since the Complaint itself is a challenge to the investigation and determination, any attempt to amend the Complaint to state a plausible claim would be futile.[5] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)). Since amendment would be futile, the Court's dismissal of the Complaint is WITH PREJUDICE. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)).

---

[5] To the extent that Plaintiff might have been attempting, or might attempt, to amend her Complaint to allege a violation of state law as the basis for her § 1983 claim, such a claim necessarily fails. See, e.g., Gonzalez v. Okagawa, Civil No. 12-00368 RLP, 2013 WL 2423219, at *9 (D. Hawai`i June 4, 2013) ("'state law violations do not, on their own, give rise to liability under § 1983'" (quoting Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998))).

In short, this Court does not have any jurisdiction over Plaintiff's claims against HCRC for what she believes to have been a faulty investigation. As to Plaintiff's § 1983 claim, the law does not permit her to make such a claim against a state agency or any state agent acting in an official capacity. Although Plaintiff does include certain individuals in their individual capacities, she cannot prove that she has a valid constitutional interest because the <u>only</u> interest she claims was violated was her interest in a reasonable cause determination. Because that determination is non-binding and non-final, and can be appealed in state court, it does not meet the legal requirements of a property interest upon which Plaintiff can maintain a § 1983 claim.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss or Alternatively, for Summary Judgment, filed April 24, 2015, is HEREBY GRANTED. There being no remaining claims in the case, the Court DIRECTS the Clerk's Office to close this case on **August 10, 2015**, unless Plaintiff files a motion for reconsideration by **August 7, 2015**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 21, 2015.



　　　　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States District Judge

**EILEEN SHAVELSON VS. HAWAII CIVIL RIGHTS COMMISSION, ET AL; CIVIL 15-00055 LEK-KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**