UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EILEEN SHAVELSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>HAWAII CIVIL RIGHTS COMMISSION, CONSTANCE DEMARTINO, WILLIAM D. HOSHIJO AND MARCUS KAWATACHI, IN THEIR INDIVIDUAL CAPACITIES AS HAWAI`I CIVIL RIGHTS COMMISSION ENFORCEMENT STAFF,<br><br>    Defendants. | CIV. NO. 15-00055 LEK-RT |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

On April 20, 2019, Defendants Constance Demartino, William D. Hoshijo, and Marcus Kawatachi ("Employee Defendants") filed their Motion for Judgment on the Pleadings ("Motion"). [Dkt. no. 77.] No party filed a memorandum in opposition, therefore this Court deems the Motion unopposed.[1] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local

---

[1] On June 12, 2019 the Court issued an entering order noting the Motion and the Court's notice of hearing were returned as undeliverable to Plaintiff's current address of record, and no memorandum in opposition had been filed. See EO: Court Order Vacating Hearing on Defs.' Motion for Judgment on the Pleadings (dkt. no. 82).

Rules"). The Employee Defendants' Motion is hereby granted for the reasons set forth below.

## BACKGROUND

The factual summary of this case is set forth in this Court's July 21, 2015 Order Granting Defendants' Motion to Dismiss or Alternatively, for Summary Judgment ("7/21/15 Order"), and will not be repeated here. [Dkt. no. 50.[2]] On July 30, 2015, pro se Plaintiff Eileen Shavelson ("Plaintiff") filed her Notice of Appeal, and on July 3, 2018, the Ninth Circuit issued its memorandum disposition ("7/3/18 Memorandum Disposition").[3] [Dkt. nos. 53 (Notice of Appeal), 65 (7/3/18 Mem. Dispo.).[4]] In the 7/3/18 Memorandum Disposition, the Ninth Circuit affirmed this Court's ruling that Plaintiff's Sixth Amendment claim and Fourteenth Amendment procedural due process claim must be dismissed with prejudice, but held that "the district court should have granted Shavelson leave to amend to state an equal protection claim" under the Fourteenth Amendment. [7/3/18 Mem. Dispo. at 2-4.] The Ninth Circuit's Mandate was issued on July 25, 2019. [Dkt. no. 66.]

---

[2] The 7/21/15 Order is also available at 2015 WL 4470200.

[3] Plaintiff was appointed pro bono counsel in her appeal before the Ninth Circuit. [Case No. 15-16525, Order, filed 3/24/17 (dkt. no. 64).]

[4] The 7/3/18 Memorandum Disposition is also available at 740 F. App'x 532.

On July 27, 2018, this Court issued an entering order ("7/27/18 EO") directing Plaintiff to file her amended complaint in accordance with the Ninth Circuit's instructions. [Dkt. no. 67.] The 7/27/18 EO reemphasized the Ninth Circuit's directive that this Court should permit Plaintiff to amend her complaint to allege an equal protection claim only against the employees of the Hawai`i Civil Rights Commission ("HCRC"), "*i.e.* Defendants Constance DeMartino, William D. Hoshijo, and Marcus Kawatachi." [Id. (citing 7/3/18 Mem. Dispo. at 5-6).]

On August 10, 2018, Plaintiff filed a document titled "Amended Complaint Requested by Judge Leslie Kobayashi Aug 8, 2018 per Court Order from 9th Circuit Court of Appeals San Francisco July 25, 2018 Case 15-16525" ("Amended Complaint"). [Dkt. no. 68.] In the Amended Complaint, Plaintiff appears to name the Employee Defendants and the HCRC, along with "the investigators, supervisors, director and co-director, in their individual professional capacity[ies] at HCRC." [Amended Complaint at 1.[5]]

Plaintiff alleges that, on January 16, 2013, she filed an online complaint with the Housing and Urban Development ("HUD") and received a confirmatory email noting she would be

---

[5] The Amended Complaint does not have page numbers, therefore all citations refer to the page numbers assigned by the district court's electronic case filing system.

contacted by a "specialist from the local contracting agency." [Id. at 3.] On January 18, 2013, Plaintiff was instructed to contact the HCRC in Honolulu to have them investigate her claim. Plaintiff spoke to Carolyn Vierra, an intake worker at the HCRC; Plaintiff explained to Ms. Vierra that she was discriminated against due to her disability, that her landlord retaliated against her, and she "feared that anti-semitism was also involved." [Id. at 2-3.] Plaintiff alleges HCRC, its employees and supervisors, gave preferential treatment to "those of Japanese descent" and that "anti semitism . . . permeated the HCRC and its employees and supervisors." [Id. at 3.] Plaintiff also appears to allege: the HCRC and HCRC attorney, Livia Wang, refused to assist Plaintiff with her dispute with her landlord;[6] the HCRC filed a false report in retaliation against Plaintiff for reporting their "suspicious and biased methods to Senator Brian Schatz"; the HCRC failed to investigate "defendants" or contact them to present settlement offers made by Plaintiff;[7] and

---

[6] The dispute between Plaintiff and her landlord appears to concern an altercation with another neighbor leading to Plaintiff's eviction from her residence. See Amended Complaint, Exh. D (7/31/13 letter from Miles Greenberg, N.D., discussing events leading up to Plaintiff's eviction and HCRC investigation), Exh. E (2/20/14 letter from Dr. Greenberg, discussing same).

[7] It is unclear whether Plaintiff is referring to the Employee Defendants in this matter, or to the individuals whom
(. . . continued)

4

the methods employed by the HCRC employees were biased and discriminatory. [Id. at 1-2.] Plaintiff appears to allege a claim arising under 42 U.S.C. § 1983 based on a violation of the equal protection clause of the Fourteenth Amendment, and seeks six million dollars in damages. [Id. at 5.]

**STANDARD**

This Court has previously stated:

> Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Although [Ashcroft v.] Iqbal[, 556 U.S. 662 (2009),] establishes the standard for deciding a [Fed. R. Civ. P.] 12(b)(6) motion, we have said that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule." Cafasso ex rel. U.S. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citations omitted and internal quotation marks omitted). On a motion for judgment on the pleadings, the court must "accept as true all allegations in [the plaintiff's] complaint and treat as false those allegations in the answer that contradict [the plaintiff's] allegations." Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1206 n.2 (9th Cir. 2009) (citation omitted). "[J]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law[.]" Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) (citation and internal quotation marks omitted).

---

she allegedly reported to the HCRC as the basis for her housing dispute.

Fields v. Nationstar Mortg. LLC, CIVIL 15-00015 LEK-KJM, 2017 WL 11140437, at *2 (D. Hawai`i July 18, 2017) (alterations in Fields).

**DISCUSSION**

I.  **Preliminary Matters**

   A.  **HCRC**

On remand, the Ninth Circuit directed this Court to allow Plaintiff to amend her complaint to allege an equal protection claim against the HCRC employees only.  [7/3/18 Mem. Dispo. at 5-6.]  This Court repeated the Ninth Circuit's instructions in its 7/27/18 EO, stating that it:

> EMPHASIZES that the Ninth Circuit's Memorandum **only grants Plaintiff leave to assert an equal protection claim against Employee Defendants. Plaintiff does not have leave to assert any other claims against the Employee Defendants or to assert any claims against the HCRC.  Further, Plaintiff does not have leave to add any claims against new parties.**  Plaintiff is CAUTIONED that, if she asserts any claim other than an equal protection claim against the Employee Defendants, the claim may be stricken.

[7/27/18 EO (emphasis added).]

Since Plaintiff named the HCRC as a defendant in her Amended Complaint, she did not comply the Ninth Circuit's guidance or this Court's 7/27/18 EO.  It is irrelevant that Plaintiff is pro se and not a trained attorney; she must nevertheless comply with court orders or face possible sanctions, including, but not limited to, dismissal of her

claims.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming the dismissal of the pro se plaintiff's complaint for failure to comply with court order after weighing relevant factors).

This Court is also barred from considering any claims or defendants beyond the scope of the Ninth Circuit's ruling in the 7/3/18 Memorandum Disposition under the rule of mandate. See Stacy v. Colvin, 825 F.3d 563, 568 (9th Cir. 2016) ("any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it" (citation and internal quotation marks omitted)).  To do so would be a "jurisdictional error."  Id. at 568 (citation and internal quotation marks omitted).

Because Plaintiff's Amended Complaint did not comply with either the 7/3/18 Memorandum Disposition or this Court's 7/27/18 EO, it violates both the rule of mandate and this Court's entering order.  Dismissal based on violation of this Court's order is discretionary.  See Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court **may** dismiss an action for failure to comply with any order of the court." (emphasis added)).  However, Plaintiff's claim against the HCRC must be dismissed based on lack of jurisdiction under the rule of mandate.  See Stacy, 825

F.3d at 568. The Court will still consider the Motion as to those allegations pertaining to the Employee Defendants.

B. **Plaintiff's Reference to the Original Complaint**

The Amended Complaint states: "This amended complaint is NOT A REPLACEMENT BUT AN ADDENDUM TO THE INITIAL COMPLAINT for reasons of saving paper, but the important salient questions that were never answered by the defendants still apply and are re-encapsulated below for clarity." [Amended Complaint at 1 (emphasis in original).] Plaintiff may not incorporate her original complaint into her Amended Complaint because an amended complaint substantively supersedes the original complaint. See Morelli v. Hyman, Civ. No. 19-00088 JMS-RLP, 2019 WL 2717770, at *6 (D. Hawai`i June 28, 2019) ("An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading." (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by* Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012) (en banc))). Because Plaintiff's Amended Complaint supersedes her original complaint, the Court will only consider the allegations in the Amended Complaint in ruling on the Motion.

II. **Equal Protection Claim**

The Ninth Circuit has explained that:

> To state a Fourteenth Amendment equal protection claim, a plaintiff must allege "that the defendants acted with an intent or purpose to

8

> discriminate against the plaintiff based upon
> membership in a protected class." Barren v.
> Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998);
> see Starr v. Baca, 652 F.3d 1202, 1215 (9th Cir.
> 2011) ("[A]llegations in a complaint or
> counterclaim . . . must contain sufficient
> allegations of underlying facts to give fair
> notice and to enable the opposing party to defend
> itself effectively."). . . .

7/3/18 Mem. Dispo. at 4 (alterations in 7/3/18 Mem. Dispo.).

Even if Plaintiff is not a member of a protected class, she may proceed on an equal protection claim as a "class of one" if she can establish that the Employee Defendants: "(1) intentionally (2) treated [Plaintiff] differently than other similarly situated [individuals], (3) without a rational basis." See Gerhart v. Lake Cty., Mont., 637 F.3d 1013, 1022 (9th Cir. 2011) (quotation marks and some citations omitted) (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000) (per curiam)).

The Employee Defendants argue Plaintiff fails to specifically identify whether she is a member of a protected class. A liberal construction of the Amended Complaint reveals Plaintiff's equal protection claim is most reasonably based on her race, national origin, and possibly her disability.[8] For

---

[8] Plaintiff appears to suffer from a "mobility disability." [Amended Complaint, Exh. E at 1.] This Court has previously recognized it must liberally construe the filings of pro se litigants. See Franko Maps, Ltd. v. Nielsen, CIV. NO. 16-00600 LEK-RLP, 2019 WL 1903386, at *3 (D. Hawai`i Apr. 29, 2019)
(. . . continued)

example, Plaintiff alleges she spoke to Ms. Vierra at HCRC to report that Plaintiff was "discriminated [against] due to her disability, . . . and feared that anti semitism was also involved." [Amended Complaint at 3.] She then alleges that "anti semitism also permeated the HCRC and its employees and supervisors, . . . and [was] used as a reason to not do the intake even though they were required to do so by federal and state law." [Id.] Liberally construed, the Amended Complaint appears to allege Plaintiff is, or is perceived to be, of Jewish national origin or religion. See Tokuda v. Calio, Civil No. 13-00202 DKW-BMK, 2014 WL 5580959, at *9 (D. Hawai`i Oct. 31, 2014) (noting that "protected classes include race, religion, national origin, and poverty" (citing Damiano v. Florida Parole & Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986)). To the extent Plaintiff alleges she was discriminated against based on her disability, "'the disabled do not constitute a suspect class' for equal protection purposes, [therefore] a governmental policy that purposefully treats the disabled differently from the non-disabled need only be 'rationally related to the legitimate legislative goals' to pass constitutional muster."

---

(citing Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013)).

Lee v. City of L.A. (quoting Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996)).[9]

Nevertheless, the Amended Complaint still fails to state a claim because it does not allege **the Employee Defendants** "acted with an intent or purpose to discriminate against [Plaintiff] based upon [her] membership in a protected class." Barren, 152 F.3d at 1194. The allegations instead repeatedly point to actions taken by the HCRC in general, or other HCRC employees who are not defendants in this case.[10] See Amended Complaint at 2-4. The Amended Complaint is devoid of any factual allegations related to the Employee Defendants' intentional acts that would allow this Court to "draw the reasonable inference that the [Employee Defendants are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). Although Plaintiff is not required to plead "detailed factual allegations," she must do more than simply set forth "naked assertions devoid of further factual enhancement." Id. (brackets, citation, and internal quotation marks omitted). Because she has not set forth any details regarding the Employee

---

[9] Lee was overruled on other grounds by Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

[10] The Amended Complaint pleads facts pertaining to "Constance Martinez," however the Court cannot conclude whether Plaintiff intended to refer to Demartino, or if Mr. Martinez is another HCRC employee or supervisor. [Amended Complaint at 4.]

11

Defendants' involvement in, or intentional actions related to the alleged discriminatory acts, Plaintiff has failed to plead any factual allegations that would support an equal protection claim against the Employee Defendants.

Similarly, because none of the allegations appear to pertain to the Employee Defendants, the Amended Complaint also fails to plead a "class of one" equal protection claim. Even if the allegations applied to the Employee Defendants, Plaintiff's "class of one" equal protection claim would still fail because she has not alleged she was treated differently from similarly situated individuals seeking assistance from the Employee Defendants, or that the Employee Defendants' actions lacked a rational basis. The Ninth Circuit instructs that "ill will" is not necessary to find an intentional act, and Plaintiff need only show that the Employee Defendants "intended to treat [Plaintiff] differently from other [individuals]." See Gerhart, 637 F.3d at 1022 (citation omitted). Despite Plaintiff's assertion that those of "Japanese descent" were given "preferential treatment," [Amended Complaint at 3,] her pleading is silent as to any factual allegations which support this statement. Where a conclusory allegation is couched as a factual allegation and does not have any supportive factual content, the Court need not accept it as true. See Iqbal, 556 U.S. at 678 ("First, the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

In sum, even liberally construing her Amended Complaint, the Court cannot reasonably conclude that Plaintiff has plead an equal protection claim based on either Plaintiff's membership in a protected class, or as a "class of one." Because Plaintiff has failed to allege essential elements of her equal protection claim, the Employee Defendants are entitled to judgment on the pleadings.

## II. Leave to Amend

In the context of Rule 12(c), dismissal with prejudice is proper only if it is clear that no amendment could cure the defects identified in the complaint. See Harris v. Cty. of Orange, 682 F.3d 1126, 1135 (9th Cir. 2012) (holding that dismissal pursuant to Rule 12(c) without leave to amend "is appropriate only when the Court is satisfied that an amendment could not cure the deficiency" (citation omitted)). Because Plaintiff is pro se and it is arguably possible for her to cure the deficiencies identified in the Amended Complaint, this Court is required to grant Plaintiff leave to file a second amended complaint rather than dismiss the action with prejudice. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)

("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

If Plaintiff chooses to file a second amended complaint, she must do so by **August 16, 2019**, and the second amended complaint must allege facts that would support a conclusion that: 1) the Employee Defendants engaged in intentional acts with the intent or purpose to discriminate against Plaintiff based on her membership in a protected class; or 2) Plaintiff is a "class of one" and was intentionally treated differently from other similarly situated individuals by the Employee Defendants, with no rational basis. The Court again EMPHASIZES that Plaintiff only has leave to assert an equal protection claim against the Employee Defendants – she may not add any new claims or new parties. Her second amended complaint must include all of the factual allegations related to her equal protection claim. Although she attempted to do so in her Amended Complaint, Plaintiff is CAUTIONED that she may not incorporate any part of her prior complaints into her second amended complaint by reference. Plaintiff's failure to strictly comply with the guidance provided in this Order may result in sanctions, including, but not limited to, striking portions of her second amended complaint that fail to comply with this

Order, or dismissal of her case.  This Court CAUTIONS Plaintiff that, if she fails to file her second amended complaint by **August 16, 2019**, or if the second amended complaint fails to cure the defects that this Court has identified in this Order, this Court will dismiss her claims with prejudice – in other words, without leave to amend.  Plaintiff would then have no remaining claims in this district court, at which point this Court will direct the Clerk's Office to close the case.

## CONCLUSION

On the basis of the foregoing, the Employee Defendants' Motion for Judgment on the Pleadings, filed April 10, 2019, is HEREBY GRANTED.

Plaintiff is GRANTED leave to file her second amended complaint by **August 16, 2019**, which must comply with the terms of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 17, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EILEEN SHAVELSON VS. HAWAI`I CIVIL RIGHTS COMMISSION, ET AL.;
CIVIL 15-00055 LEK-RT; ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**