UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| EILEEN SHAVELSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>HAWAII CIVIL RIGHTS COMMISSION, CONSTANCE DEMARTINO, WILLIAM D. HOSHIJO AND MARCUS KAWATACHI, IN THEIR INDIVIDUAL CAPACITIES AS HAWAI`I CIVIL RIGHTS COMMISSION ENFORCEMENT STAFF,<br><br>        Defendants. | CIV. NO. 15-00055 LEK-RT |

**ORDER DISMISSING CASE WITH PREJUDICE**

On August 10, 2018, pro se Plaintiff Eileen Shavelson ("Plaintiff") filed a document titled "Amended Complaint Requested by Judge Leslie Kobayashi Aug 8, 2018 per Court Order from 9th Circuit Court of Appeals San Francisco July 25, 2018 Case 15-16525" ("Amended Complaint"). [Dkt. no. 68.] In the Amended Complaint, Plaintiff appears to name Defendants Constance Demartino, William D. Hoshijo, and Marcus Kawatachi ("Employee Defendants"), and the Hawai`i Civil Rights Commission ("HCRC"), along with "the investigators, supervisors, director

and co-director of the HCRC, in their individual professional capacities." [Amended Complaint at 1.[1]]

On April 10, 2019, the Employee Defendants filed their Motion for Judgment on the Pleadings ("Motion"), [dkt. no. 77,] and on July 17, 2019, this Court issued its order granting the Motion, and granting Plaintiff leave to file her second amended complaint by August 16, 2019 ("7/17/19 Order"). [Dkt. no. 87.[2]] In the 7/17/19 Order, this Court warned Plaintiff that: "if she fails to file her second amended complaint by **August 16, 2019**, or if the second amended complaint fails to cure the defects that this Court has identified in this Order, this Court will dismiss her claims with prejudice – in other words, without leave to amend." [7/17/19 Order at 15 (emphasis in original).]

Because Plaintiff has neither filed her second amended complaint nor requested an extension of the August 16, 2019 deadline, this Court has the discretion to dismiss the Complaint with prejudice. See <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884, 891-92 (9th Cir. 2019) (holding that dismissal with prejudice under Fed. R. Civ. P. 41(b) is appropriate if the plaintiff fails to comply with a court order requiring him to

---

[1] The Amended Complaint does not have page numbers, therefore all citations refer to the page numbers assigned by the district court's electronic case filing system.

[2] The 7/17/19 Order is also available at 2019 WL 3225886.

2

file an amended complaint);[3] see also Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Rule 41(b)).

Further, mail that has been sent to Plaintiff's address of record has been returned as undeliverable since April 2019. See EO: Court Order Vacating Hearing on Defs.' Motion for Judgment on the Pleadings, filed 6/12/19 ("6/12/19 EO") (dkt. no. 82) (noting mail sent to Plaintiff was returned as undeliverable) at 1. This Court's courtroom manager attempted to contact Plaintiff through her phone number of record regarding the issues with her address, but Plaintiff has failed to respond. [Id.] Further, Plaintiff was warned that

> A *pro se* party shall . . . file and serve on all other parties who have appeared in the action any change of address, and the effective date of the change. The notice required by this rule shall be filed within fourteen (14) days of the change. Failure to comply with this rule may result in sanctions, including but not limited to monetary fines, dismissal of the case, or entry of a judgment.

---

[3] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

3

Id. at 1-2 (quoting Local Rule LR83.1(h)). Plaintiff is required to "abide by all local, federal, and other applicable rules and/or statutes," even though she is pro se. See Local Rule LR83.13.

After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[4] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the Employee Defendants will not be prejudiced by the dismissal, and there are no less drastic alternatives available at this time.

For the foregoing reasons, all of Plaintiff's claims in this case are HEREBY DISMISSED WITH PREJUDICE. This Court DIRECTS the Clerk's Office to issue judgment in favor of the Employee Defendants and close the case on **September 3, 2019**,

---

[4] The Ninth Circuit has:

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

4

unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the Local Rules.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 20, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EILEEN SHAVELSON VS. HAWAI`I CIVIL RIGHTS COMMISSION, ET AL.; CV 15-00055 LEK-RT; ORDER DISMISSING CASE WITH PREJUDICE**